UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: WEBER MARINE INC., AS OWNER AND OPERATOR OF THE M/V JOANNA | CIVIL ACTION<br><br>No. 09-8071<br><br>SECTION I/1 |

### ORDER AND REASONS

Before the Court is a motion[1] to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure filed by claimant, Jerry Billiot ("Billiot"). Plaintiff-in-Limitation, Weber Marine, Inc. ("Weber Marine") opposes this motion.[2] For the following reasons, the motions are **DENIED**.

### *BACKGROUND*

On February 4, 2009, Billiot was working as a tugboat captain in the employ of Weber Marine aboard the M/V JOANNA.[3] On that day, Billiot was traveling across the river when he alleges that he was exposed to chemicals that were spilled in the Mississippi River.[4] Because of the exposure, Billiot claims that began feeling nauseated and coughing up a foam-like substance.[5]

On February 6, 2009, counsel for Billiot sent a letter to Weber Marine stating that Billiot had been hospitalized because of the February 4 accident and seeking documentation regarding

---

[1] R. Doc. No. 25.
[2] R. Doc. No. 36.
[3] R. Doc. No. 25, p.1. Weber Marine is also the owner and operator of the M/V JOANNA. R. Doc. No. 1, p.1.
[4] Id.
[5] Id.

1

any investigation done with respect to the incident.[6]  On September 24, 2009, Billiot filed suit in state court claiming injuries and damages as a result of the chemical spill incident.[7]  On December 30, 2009, Weber Marine filed its limitation of liability complaint with the Court.[8]

Billiot files this motion seeking dismissal of this matter "because it was not timely filed and the parties should be allowed to continue the litigation pending in state court…."[9] Alternatively, Billiot seeks a grant of summary judgment "because it is clear that Weber Marine had privity or knowledge of the unseaworthiness of the M/V JOANNA and Weber Marine's negligent safety procedures and training."[10]

*LAW*

**I.     Rule 12(b)(6) Standard**

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007); Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007).  As the Fifth Circuit explained in Gonzalez v. Kay:

> "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The Supreme Court recently expounded upon the Twombly standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[6] R. Doc. No. 25-2, p.1.
[7] R. Doc. No. 36, p.4.
[8] R. Doc. No. 1.
[9] R. Doc. No. 25, p.2.
[10] Id.

>for the misconduct alleged." Id.  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. See Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996).  In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. Spivey, 197 F.3d at 774; Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).  "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.' " Cutrer v. McMillan, 308 Fed. Appx. 819, 820 (5th Cir. 2009) (quoting Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1986)).

**II.     Rule 56 Standard**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. Celotex, 477 U.S. at 323; Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. Id. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." Id. at 255; see Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

*ANALYSIS*

**I.      Timeliness of Complaint**

Billiot moves to dismiss Weber Marine's limitation of liability complaint on the ground that the complaint was filed in an untimely manner.  A civil action for limitation of liability "must be brought within six months after a claimant gives the owner written notice of a claim." 46 U.S.C. § 30511(a).  The parties do not dispute that more than six months passed between the letter to Weber Marine from Billiot's counsel and the filing of Weber Marine's complaint.  The issue before the Court is whether the letter sent by Billiot's counsel to Weber Marine two days after the incident constitutes "notice of a claim" under 46 U.S.C. § 30511(a).

4

A written notice of claim "must inform the owner of both the 'details of the incident' and 'that the owner appeared to be responsible for the damage in question.'" <u>In the Matter of Oceanic Fleet, Inc.</u>, 807 F.Supp. 1261, 1262 (E.D. La. 1992) (quoting <u>Complaint of Okeanos Ocean Research Foundation, Inc.</u>, 704 F.Supp. 412, 415 (S.D.N.Y. 1989) (further citations omitted)).  A sufficient notice must also "inform the owner of the claimant's intention to seek damages from the owner." <u>Matter of The Specialty Marine Services, Inc.</u>, No. 98-2781, 1999 WL 147680, *1 (E.D. La. March 15, 1999) (citations omitted).  Finally, the notice must reveal a "reasonable possibility" that the claim is subject to limitation. <u>Complaint of Tom-Mac, Inc.</u>, 76 F.3d 678, 683 (5th Cir. 1996).  "[M]ere knowledge of the event in question by the owner, however, is not enough to commence the running of the statutory time period." <u>Complaint of McKinney Towing, Inc.</u>, No. 94-2171, 1994 WL 682546, *6 (E.D. La. Dec. 6, 1994) (quotation marks, brackets and citations omitted).

While written notice may be in the form of a letter, <u>In Re Lewis</u>, 190 F.Supp.2d 885, 888 (M.D. La. 2002), the Court finds that the letter sent by Billiot's counsel to Weber Marine on February 6, 2009 does not constitute a written notice of claim under § 30511(a).  Although the letter provides details of the incident, it fails to inform Weber Marine that the owner appeared to be responsible for the damage in question.  The letter also fails to inform Weber Marine of its intention to seek damages from the owner.  Furthermore, the letter does not reveal a reasonable possibility that the claim is subject to limitation.  Deficient in these respects, the letter is insufficient notice to trigger the six-month statutory period within which a limitation of liability complaint must be filed.  See <u>In re Complaint of Bisso Marine Co.</u>, No. 02-3249, 2003 WL 1193683, *2 (E.D. La. March 12, 2003).

5

Weber Marine's next notice of claim was Billiot's filing of his state court claim. Since Weber Marine filed its limitation of liability action less than six months after this first sufficient written notice, Weber Marine's limitation pleadings were timely filed.

## II.     Negligence

The Limitation of Liability Act provides that a shipowner may limit its liability if it establishes that the fault which caused the loss occurred without its privity or knowledge. 46 U.S.C. § 30505(b). In determining whether a shipowner may limit liability, courts undergo a two-prong analysis: (1) a determination of what acts of negligence or unseaworthiness caused the casualty, and (2) a determination of whether the shipowner had knowledge or privity of these acts. Farrell Lines, Inc. v. Jones, 530 F.2d 7, 10 (5th Cir. 1976), reh'g denied, 532 F.2d 1375 (5th Cir. 1976).

The first prong requires a claimant to prove not only that the owner was negligent, but also that the negligent act was the cause of the accident. Id. "Once the claimant satisfies the initial burden of proving negligence or unseaworthiness, the burden of proof shifts to the shipowner to prove the lack of privity or knowledge." In the Matter of South Coast Boat Rentals, Inc., No. 98-3452, 1999 WL 615180, *2 (E.D. La. Aug. 12, 1999) (citing Coryell v. Phipps, 317 U.S. 406, 409 (1943)).

To fulfill the first prong, Billiot must demonstrate that there was a duty owed by Weber Marine to Billiot, breach of that duty, injury sustained by Billiot, and a causal connection between Weber Marine's conduct and Billiot's injury. See In re Cooper/T. Smith, 929 F.2d 1073, 1077 (5th Cir. 1991). Of these requirements, Billiot has only offered enough evidence to show that there is no genuine issue of material fact as to whether Billiot sustained an injury. After reviewing the admissible summary judgment evidence submitted, the Court concludes that

genuine issues of material fact remain regarding many aspects of Billiot's claim, including: (1) whether Weber Marine had a duty to supply on-board equipment responsive to chemical exposure; (2) whether there was a respirator on board at the time and whether the absence or presence of the respirator breached or fulfilled the duty; and (3) whether Weber Marine's alleged failure to provide a respiratory device was the proximate cause of Billiot's injury.

Because there are genuine issues of material fact regarding the first prong of the Farrell Lines test, i.e., whether Weber Marine was negligent and whether its negligence caused Billiot's injury, the Court need not consider the second prong, privity and knowledge, at this time. See South Coast Boat Rentals, 1999 WL 615180 at *5.

Accordingly,

**IT IS ORDERED** that Billiot's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) is **DENIED.**

**IT IS FURTHER ORDERED** that Billiot's motion for summary judgment regarding Weber Marine's privity or knowledge of its negligent safety procedures and training and the unseaworthiness of the M/V JOANNA is **DENIED**.

New Orleans, Louisiana, November 22, 2010.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**